Thomas v. Wightman.

### Harry L. Thomas v. M. L. Wightman.

#### Gen. No. 12,712.

1. LANDLORD AND TENANT—*what does not affect former's right to recover penalty for non-delivery of possession.* A landlord has a right to recover the penalty provided by the lease for the non-delivery of possession at the expiration thereof, notwithstanding he has re-leased the premises, the new lease to go into effect with the expiration of the one under which the action is brought.

2. EVIDENCE—*when admission of incompetent, will not reverse.* The admission of incompetent evidence will not reverse where it appears that no prejudice resulted.

3. FINAL JUDGMENT—*when Appellate Court can enter, upon reversal, in action at law.* The Appellate Court can only reverse and enter final judgment for the correct amount which should have been awarded to the plaintiff where a jury has been waived and a trial had before the court.

Action commenced before justice of the peace. Appeal from the County Court of Cook county; the Hon. A. J. CLARITY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 7, 1906.

**Statement by the Court.** This is an appeal by the defendant from a judgment for thirty-two dollars recovered by the plaintiff against him in the County Court in an action originally brought before a justice. Plaintiff by a lease under seal demised to the defendant a certain dwelling-house from June 1, 1903, to April 30, 1904, at a rental of sixty dollars per month. The lease contained, among others, the following covenant on the part of the lessee:

"Eighth. At the termination of this lease, by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and failing so to do,

to pay as liquidated damages for the whole time such possession is withheld, the sum of ten dollars per day.''

Defendant did not yield up possession of said demised premises on April 30, 1904, but held possession thereof for sixteen days thereafter. Defendant put in evidence a lease of said premises from May 1, 1904, by the plaintiff to Adele Sturgeon which was executed April 6, 1904.

The jury returned a verdict for the plaintiff for thirty-two dollars damages and the defendant moved for a new trial and excepted to the denial of his motion. The plaintiff did not move for a new trial.

RICHARD S. BURKE and SAMUEL W. JACKSON, for appellant.

ORR & WENTWORTH, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention of appellant that plaintiff cannot recover for a breach of his covenant with the plaintiff to yield possession at the expiration of the term of his lease and to pay plaintiff ten dollars per day as liquidated damages for the whole time such possession should be withheld by him, because she on April 6th made another lease of said premises to Mrs. Sturgeon from May 1, 1904, cannot be sustained.

This is not an action to recover possession, but an action by a covenantee against a covenantor to recover damages for the breach of an express covenant. Between the plaintiff and defendant there was privity of contract and right of action in either for the breach of a covenant of the lease by the other.

If the plaintiff had granted the reversion to Mrs. Sturgeon, then under section 14 of the Landlord

and Tenant Statute, a different question would be presented. Said section 14 was taken from the Statute of 32 Hen. 8, which was enacted for the benefit of *grantees* of reversions, giving to such grantees or the assignee of the lessor the same remedy by action, etc., for the non-performance of any agreement in the lease "as their grantor or lessor might have had if such reversion had remained in such lessor or grantor." 2 Rob. Prac. 78; Vernon v. Smith, 5 Barn. & Ald. 1, 7 E. C. L. 6.

But the plaintiff has neither assigned her lease nor conveyed her reversion in the demised premises to Mrs. Sturgeon. Plaintiff's grant of a lease to Mrs. Sturgeon for a term of two years from May 1, 1904, was not an assignment of the reversion to Mrs. Sturgeon and did not give her any right of action against the defendant for the non-performance of the agreements contained in the lease from plaintiff to defendant, nor affect the right of plaintiff to maintain an action for the non-performance of such agreements. Blatchford v. Cole, 5 C. B. N. S. 514, 97 E. C. L. 514.

We think the County Court erred in admitting the testimony of Mrs. Sturgeon, tending to show that the plaintiff had waived or rebated the rent to her for the first sixteen days of the term of her lease. But we think that it appears from the record that such evidence was not harmful to the defendant. He covenanted to pay $10 per day for every day that he held over; the rent under the lease to Mrs. Sturgeon amounted to $4 per day; but the jury awarded to the plaintiff damages at the rate of $2 per day for the time that he held over, the rate reserved in the lease to the defendant. Clearly, appellant has no just reason to complain of the amount of the damages awarded by the jury.

Appellee has assigned cross-errors and asks that the judgment be reversed, because the award of damages was improper, and that judgment be entered here for $160 damages and costs.

We can reverse and enter judgment here only in cases where a jury was waived. In cases tried by a jury, if we regard the award of damages as improper, we can only reverse and remand.

But appellee cannot, upon this record. question the propriety of the award of damages. She made no motion in the County Court for a new trial, and without such motion she cannot question the award.

The judgment of the County Court will be affirmed.

*Affirmed.*